# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-IA-01076-SCT

*MISSISSIPPI GAMING & HOSPITALITY ASSOCIATION*

*v.*

*DIAMONDHEAD REAL ESTATE, LLC AND MISSISSIPPI GAMING COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/12/2017 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| TRIAL COURT ATTORNEYS: | MICHAEL F. CAVANAUGH |
| | GERALD HENRY BLESSEY |
| | LOUIS FRASCOGNA |
| | WAYNE L. HENGEN |
| | MICHAEL E. BRUFFEY |
| | THOMAS B. SHEPHERD, III |
| | KATHRYN H. HESTER |
| | SCOTT E. ANDRESS |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | KATHRYN H. HESTER |
| | THOMAS B. SHEPHERD, III |
| | SCOTT E. ANDRESS |
| | MICHAEL E. BRUFFEY |
| ATTORNEYS FOR APPELLEES: | MICHAEL F. CAVANAUGH |
| | LOUIS FRASCOGNA |
| | GERALD HENRY BLESSEY |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 01/17/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2017-IA-01084-SCT

*MISSISSIPPI GAMING & HOSPITALITY*
*ASSOCIATION*

*v.*

*RW DEVELOPMENT, LLC, MAS, LLC AND*
*MISSISSIPPI GAMING COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/14/2017 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| TRIAL COURT ATTORNEYS: | MICHAEL F. CAVANAUGH |
| | GERALD HENRY BLESSEY |
| | LOUIS FRASCOGNA |
| | WAYNE L. HENGEN |
| | MICHAEL E. BRUFFEY |
| | THOMAS B. SHEPHERD, III |
| | KATHRYN H. HESTER |
| | SCOTT E. ANDRESS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | KATHRYN H. HESTER |
| | THOMAS B. SHEPHERD |
| | SCOTT E. ANDRESS |
| | MICHAEL E. BRUFFEY |
| ATTORNEYS FOR APPELLEES: | GERALD HENRY BLESSEY |
| | MICHAEL F. CAVANAUGH |
| | LOUIS FRASCOGNA |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 01/17/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., KING AND BEAM, JJ.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1.     The Mississippi Gaming & Hospitality Association (Association) petitioned this Court

for interlocutory review of the Harrison County Circuit Court's decision to deny its motions

to participate as a respondent/appellee in the appeals filed by RW Development, LLC (RW),

and Diamondhead Real Estate, LLC (Diamondhead), in the circuit court after the Mississippi

Gaming Commission denied their applications for gaming site approval. The circuit court instead allowed the Association to participate as "friend[] of the court" under the Mississippi Gaming Control Act, Mississippi Code Section 75-76-121(4) (Rev. 2016). We affirm the circuit court's decision.

## PROCEDURAL HISTORY

¶2. RW and Diamondhead each filed separate applications for gaming site approval with the Gaming Commission in 2016. At a January 2017 regular meeting of the Gaming Commission, the chairman announced that a special hearing would be held on February 16, 2017, for each application.

¶3. Prior to the special hearing, the Association filed a request under the Mississippi Public Records Act on February 2, 2017, for information related to the RW and Diamondhead applications. On February 10, 2017, the Association filed a nine-page letter in opposition to the applications and attached forty-seven pages of exhibits.

¶4. On February 14, 2017, Treasure Bay Casino, an Association member which had opposed the same RW site in 2008, submitted the complete file Treasure Bay had submitted in opposition to the RW site in 2008.[1]

¶5. The Commission held two separate hearings back-to-back on February 16, 2017. The Commission provided the following agenda for the two hearings:

---

[1] In 2008, RW filed a petition with the Commission to approve a site for gaming located along Veterans Avenue in Biloxi, Mississippi. In July 2008, the Commission issued its ruling that the proposed site was not legal. RW sought reconsideration of the decision, which the Commission denied. RW then filed an appeal in the circuit court seeking judicial review of the Commission's denial of site approval, but the next day RW voluntarily dismissed the appeal and never refiled the appeal. So the Commission's order became final.

3

I. INTRODUCTION

II. RW DEVELOPMENT, LLC & MAS, LLC – Site Application

     a. Applicant Presentation (Time allotted: 30 Minutes)
     b. Opposition Presentation (Time allotted: 45 Minutes)
     c. Public Official Comment
     d. Applicant Rebuttal (Time allotted: 15 Minutes)

III. DIAMONDHEAD REAL ESTATE, LLC – Site Application

     a. Applicant Presentation (Time allotted: 30 Minutes)
     b. Opposition Presentation (Time allotted: 45 Minutes)
     c. Public Official Comment
     d. Application Rebuttal (Time allotted: 15 Minutes)

The Commission reserves the right to limit or extend presentations and/or call additional individuals for public comment.

¶6. At the February 16 hearings, RW and Diamondhead presented evidence and argument in support of their respective petitions for site approval, and the Association presented documentary evidence and argument in opposition to the two petitions.

¶7. At the regular meeting of the Commission on March 16, 2017, the Executive Director of the Commission presented his recommendation to deny both petitions, and the Commission moved to accept his recommendation and denied the applications.

¶8. RW and Diamondhead each appealed the decisions to the Harrison and Hancock County Circuit Courts, respectively, under to Mississippi Code Section 75-76-121(1) (Rev. 2016). Each petitioner served the Association with their notice of appeal pursuant to Mississippi Code Section 75-76-121(3) (Rev. 2016). Each notice of appeal stated, however, that the petitioners did not believe that the Association had standing to be a party to the appeal despite the Association's having appeared as an objector at the February 16 hearings

and its having been allowed by the Commission to make presentations in opposition to site approval.

¶9. The Association filed motions in both circuit courts to "Intervene as a Respondent/Appellee." The cases were consolidated in the Harrison County Circuit Court for purposes of resolving the Association's motions.

¶10. The Harrison County Circuit Court held a hearing on the Association's motions. Afterward, the circuit court denied the Association's motions but granted *amicus curiae* status to the Association.

¶11. The Association sought reconsideration and requested that the circuit court include findings, which the circuit court denied. The Association thereafter sought an interlocutory appeal of the circuit court's decision and requested consolidation of both cases, which this Court granted.

¶12. The only issue before this Court is the Association's contention that the circuit court erred in denying its motion to intervene in RW's and Diamondhead's appeals as a respondent/appellee. The merits of RW's and Diamondhead's respective appeals regarding the Commission's denial of site approval are not at issue in this interlocutory appeal.

**DISCUSSION**

¶13. "A right of appeal is statutory, and a circuit court has no authority to judicially create a right of appeal from an administrative agency in the absence of clear statutory authority therefor." ***Miss. Gaming Comm'n v. Freeman***, 747 So. 2d 231, 238 (Miss. 1999). "[A]

5

party has no right of appeal, except insofar as it has been given by law." ***Gill v. Miss. Dep't of Wildlife Conservation***, 574 So. 2d 586, 590 (Miss. 1990).

¶14.    The Association argues that two authorities give it respondent/appellee status:  the Gaming Control Act, Section 75-76-121; and, alternatively, Rule 24 of the Mississippi Rules of Civil Procedure.

¶15.    Section 75-76-121 provides,

> (1) *Any person aggrieved* by a final decision or order of the commission may obtain a judicial review thereof in the circuit court of the county in which the petitioner resides or has his or its principal place of business.
>
> (2)  The judicial review must be instituted by filing a petition within twenty (20) days after the effective date of the final decision or order. A petition may not be filed while a petition for rehearing or a rehearing is pending before the commission. The petition must set forth the order or decision appealed from and the grounds or reasons why petitioner contends a reversal or modification should be ordered.
>
> (3)  Copies of the petition must be served upon the executive director and *all other parties of record*, or their counsel of record, either personally or by certified mail.
>
> (4)  The court, upon a proper showing, *may* permit other interested persons to intervene as parties to the appeal or as friends of the court.
>
> (5)  The filing of the petition does not stay enforcement of the decision or order of the commission, but the commission itself may grant a stay upon such terms and conditions as it deems proper.

Miss. Code Ann. § 75-76-121 (Rev. 2016) (emphasis added).

¶16.    The Association contends it is a "person" under Section 75-76-121(1) and Mississippi Code Section 75-76-5(aa) (Rev. 2016), which defines a "person" to include "any association, corporation, firm, partnership, trust or other form of business association as well as a natural

person." Even though the Gaming Control Act does not define "all other parties of record" as contained in Section 75-76-121(3), it defines "party" as the "Mississippi Gaming Commission and any licensee or other person appearing of record in any proceeding before the commission" or "the Mississippi Gaming Commission and any licensee or other person appearing of record in any proceeding for judicial review of any action, decision or order of the commission." *See* Miss. Code Ann. § 75-76-5(z) (Rev. 2016). Thus the only undefined term is "of record."

¶17. According to the Association, the Gaming Control Act clearly anticipates that every licensee and "person" who appeared of record before the Commission at the hearing related to the decision is to be part of the judicial review of that decision. The Association submits that as an association, it meets the Act's definition of a "person." It appeared before the Commission to present evidence and argument on equal footing with the petitioners; it announced, unchallenged, that it was a party; it is shown to be a party in the transcripts from the hearings; and it was accepted as a party opponent by the Commission. Thus the only issue before this Court is what constitutes "appearing of record" before the Commission.

¶18. Alternatively, the Association seeks to intervene in the matter by right or permission, pursuant to Rule 24(a) or (b) of the Mississippi Rules of Civil Procedure.

¶19. We find no error in the circuit court's interpretation and application of Section 75-76-121.

¶20. As the Commission, RW, and Diamondhead point out, even if the Association were considered a party of record in this matter, Section 75-76-121 requires only that the

7

Association be served a copy of the petition for judicial review. *See* Miss. Code Ann. § 75-76-121(3). It contains no language requiring that all "parties of record" be named either a respondent or appellee in a petition for review.

¶21. That the Legislature chose not to include such a requirement is purposeful as far as we are concerned. Had the Legislature intended otherwise, it would have included language similar to that found in Mississippi Code Section 11-51-75 (Rev. 2012). Section 11-51-75 provides for appeals from judgments or decisions by county or municipal authorities, and it contains a provision which states, "any party who was a petitioner before the board of supervisors or the governing authority of the municipality shall be named as an appellee." *See* Miss. Code Ann. § 11-51-75(a)(i).

¶22. Here, the Association does not contend that it is aggrieved by the Gaming Commission's decision(s). It agrees with Commission's decision(s) to deny RW's and Diamondhead's respective petitions for site approval. But, the Association contends, nevertheless, that it must be made a party to the proponents' appeals to the circuit court because of its participation at the site-approval hearings and because it meets the definition of "party" under Section 75-76-5(z). For the reasons articulated above, we disagree.

¶23. Again, Section 75-76-121 does not mandate that all "parties of record" be named in the petition for review. Had the Legislature intended otherwise, it would have said so. Accordingly, we find no merit in the Association's claim that Section 75-76-121 requires that it be given respondent/appellee status.

8

¶24. As to the Association's intervention claim, we need only look to Section 75-76-121(4), which provides for permissive intervention only: "The court, upon a proper showing, *may* permit other interested persons to intervene as parties to the appeal or as friends of the court." Miss. Code Ann. § 75-76-121(4) (emphasis added).

¶25. At most, the Association may constitute an "interested person[]" in this matter under Section 75-76-121(4). Accordingly, we find nothing improper in the circuit court's decision to allow the Association to participate as an *amicus curiae*.

## CONCLUSION

¶26. The circuit court's decision allowing the Association to participate as a "friend[] of the court" under Section 75-76-121(4) is affirmed.

¶27. **AFFIRMED.**

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, MAXWELL, CHAMBERLIN AND ISHEE, JJ., CONCUR.**